**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

TERRY CANTY, Civil No. 00-1333 (RHK/ESS)

Plaintiff,

v. **ORDER**

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS, and
SIX UNIDENTIFIED FEDERAL AGENTS,

Defendants.

---

Plaintiff, a former prisoner at the Federal Medical Facility in Rochester, Minnesota, has filed a complaint alleging that the Defendants violated his federal constitutional rights, and he seeks relief under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); and the Federal Tort Claims Act. Plaintiff alleges that the Defendants failed to provide him with appropriate medical treatment after he was scalded by hot water, and that the Defendants retaliated against him for his refusal to sign a consent to treatment form. Plaintiff did not file an application to proceed in forma pauperis (IFP), but instead he paid the full $150 filing fee.

Plaintiff filed his complaint on May 30, 2000, but he had not attempted to effect service of process on any of the Defendants before the time limit for service of process had run. Therefore, the Court issued an order directing Plaintiff to show cause why he had been unable to effect service of process on the Defendants. Instead of responding directly to the order, Plaintiff submitted to the Court a copy of a letter addressed to the Defendants in this case which states that Plaintiff was serving notice to the Defendants that he had filed his complaint and that he will "be taking action against the defendants who violated my civil rights by depriving me proper medical

FILED FEB 22 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

attention." Canty v. United States, Civil No. 00-1333 (RHK/ESS), Letter Dated 12/11/00, Docket No. 3. Plaintiff also attached copies of receipts for four Federal Express shipments[1] and a letter to an unknown party thanking her for her assistance. Id.

Plaintiff's submission did not state the reasons for Plaintiff's failure to effect service of process on the Defendants within the time limit found in Fed. R. Civ. P. 4(m), as the Court's Order To Show Cause directed. However, Plaintiff's submission, as well as his payment of the full $150 filing fee, revealed an interest in pursuing his case. Therefore, the Court allowed Plaintiff an additional opportunity to state his reasons for failing to effect service of process on the Defendants within the 120 day time limit of Rule 4(m). Plaintiff has since responded with an affidavit informing the Court of his reasons for failing to effect service of process on the Defendants. The Court is satisfied that Plaintiff has shown good cause for this failure, and the time for service will be extended. See Fed. R. Civ. P. 4(m).[2]

Plaintiff, however, has apparently effected service on the Defendants. In an affidavit submitted to the Court, counsel for the Defendants states that the summons and complaint were served upon her office on or about December 21, 2000. See Affidavit of Patricia R. Cangemi, Docket No. 7, at 1. Therefore, the Court finds that it is appropriate to extend the time for effecting service of process for a period of time ending December 29, 2000. In addition, the

[1] The shipments are addressed to G.L. Hershberger, Regional Director, North Regional Office; Michael Cooksey, Federal Bureau of Prisons; the warden of the Federal Medical Center, Rochester, MN; and Kathy Hawk Sawyer, Federal Bureau of Prisons.

[2] This rule provides, in relevant part, that: "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice...provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Defendants have filed a motion for an extension of time to answer or otherwise respond to the complaint. The Court finds that good cause has been shown for granting this motion.

Therefore, based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The time for effecting service of process on the Defendants is extended through December 29, 2000; and

2. Defendants' motion for an extension of time in which to answer or otherwise respond to the complaint [Docket No. 5] is **GRANTED**, and

3. Defendants shall have until March 15, 2001, to file a response in this matter.

Dated: February 21, 2001

E. S. Swearingen
E. S. SWEARINGEN
United States Magistrate Judge